UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERMAINE COLEMAN | )<br>) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-773-WTL-DKL<br>) |
| SUPERINTENDENT, *Plainfield*<br> *Correctional Facility*, | )<br>)<br>) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jermaine Coleman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. XAF 13-11-0037. For the reasons explained in this Entry, Coleman's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 26, 2013, Program Specialist Inabnitt wrote a Report of Conduct in case XAF 13-11-0037 charging Coleman with termination of work. The Report of Conduct states:

> On 11/25/13 I Program Specialist Inabnitt spoke with Aurora from Forge Staffing who advised that Resident Coleman was terminated due to lack of Job Performance.

On November 27, 2013, Coleman was notified of the charge of termination of work and served with the Report of Conduct and the Notice of Disciplinary Hearing ("Screening Report"). Coleman was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, Alex at Forge Staffing, but did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in XAF 13-11-0037 on December 2, 2013, and found Coleman guilty of the charge of termination of work. In making this determination, the hearing officer considered staff reports. The hearing officer recommended and approved the following sanctions: 30 day loss of work related privileges, and a 30 day deprivation of earned credit time. Coleman appealed to the Facility Head, and the Facility Head denied his appeal on December 12, 2014. Coleman's appeal to the Appeal Review Officer was denied on November 29, 2013.

**C. Analysis**

In support of his claim for habeas relief, Coleman alleges the following grounds: 1) that the evidence was insufficient to support his disciplinary charge; and 2) that the hearing officer was not impartial.

### 1. *Sufficiency of the Evidence*

Coleman argues that he was never in violation of his work release assignment and that he presented documented evidence of his innocence. These arguments amount to a challenge to the sufficiency of the evidence against him.

With regard to Coleman's allegation of insufficient evidence, due process requires only that the Hearing Officer's decision be supported by "some evidence." *Hill,* 472 U.S. at 454; *Wolff v. McDonnell,* 418 U.S. at 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649.

Here, the Report of Conduct states that Coleman was terminated from his employment for lack of job performance. On November 25, 2013, Program Specialist Inabnitt spoke with Forge Staffing who reported that Coleman had been terminated from his specific employer due to lack of job performance. This is some evidence to support the guilty finding. To the extent that Coleman submits letters by Forge Staffing stating that he continued to be in good standing with Forge Staffing, he is requesting that this Court reweigh the evidence and believe his account of events, something the Court cannot do. *Hill,* 472 U.S. at 455-56. Accordingly, Coleman has failed to show that the evidence was insufficient to support his disciplinary conviction.

### 2. *Impartial Decision-Maker*

Coleman also argues that he was denied an impartial decision-maker because the hearing officer had made up its mind before the hearing. It is true that due process requires an impartial decision-maker. *See Wolff* 418 U.S. at 570-71. However, due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). There is no evidence that the decision-maker was involved in the facts surrounding the charges against Coleman or in the investigation of those charges. Coleman therefore has not shown that he was denied an impartial decision-maker.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Coleman's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/13/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jermaine Coleman
DOC # 996196
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel